IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CORYELL KANTRELL TAYLOR**                                                                **PLAINTIFF**

**VS.**                                                                   **CIVIL ACTION NO. 3:15CV120-LRA**

**WARDEN BUSCHER, ETAL**                                                                **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER OF DISMISSAL
OF DEFENDANT KIMBERLY TOWNSEND**

This cause is before the Court on Defendant Kimberly Townsend's motion to dismiss [16]. Defendant Townsend asserts that the claims of Coryell Kantrell Taylor ["Plaintiff"] should be dismissed due to his failure to exhaust his remedies that were available to him through the Administrative Remedy Program [ARP] implemented by the Mississippi Department of Corrections [MDOC].

Failure to exhaust is an affirmative defense, so Defendant has the burden of demonstrating that Plaintiff failed to exhaust his administrative remedies. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

Taylor was a convicted felon housed in the custody of the MDOC at the East Mississippi Correctional Facility [EMCF] in Meridian, Mississippi, on February 17, 2015, when he signed his complaint. The incident about which he complains occurred at EMCF on October 9, 2014. Plaintiff contends that he was called out of his cell on that date, and Defendant Captain Donald, along with Lt. Hodges and Sgt. Deloach, ordered him to put up his hands so they could search him. Plaintiff then testified that "we ended up getting into an altercation. And they had to use use of force on me ... they had to take me down

to the ground." [36, p. 7.] Plaintiff's pants came down, and Defendant Captain Donald "stuck his hand in my pants and sexually assaulted me...." *Id.* According to Plaintiff, Defendant Taylor penetrated his rectum with his finger, tearing his rectum.

Plaintiff conceded that he did not comply when he was asked by the officers to put up his hands, so force was used. He also conceded that the search conducted by the guards resulted in them finding marijuana, tobacco, and a Shiv (type of sharp weapon) in his pants. [36, pp. 20-21]. Charges were filed against Taylor due to the contraband found in his possession.

Plaintiff further testified that once he left the unit, he was examined by Defendant Nurse Townsend, and he told her about being "sexually assaulted and physically assaulted." She performed a body sheet, but she did not "get him to medical" that night. Plaintiff reported the assault to mental health counselor, Thomas, and he was taken to the EMCF rape counselor, Dr. Poe, the next day. Dr. Poe sent him to the medical unit, and the personnel there sent him to the emergency room at Anderson Hospital. He was examined there by Dr. Purdy, who diagnosed a rectum tear.

Plaintiff testified that he received bruises on his hips and arms due to the excessive force used by Defendants. He still hurts in his rectum area and has to use hemorrhoid ointment now to treat the pain. He named Wardens Buscher and Hogan as Defendants even though they were not present during the incident. They should be competent enough to hire staff that don't do such things, according to Taylor. Plaintiff also named "M.T.C."

as a Defendant, or Management and Training Corporation, the company which operated EMCF and who employed the remaining Defendants.

As Defendant points out, the applicable section of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The evidence provided by this Defendant regarding exhaustion is only Plaintiff's statement written in his Complaint. However, in determining the issue of exhaustion, the Court has also considered the sworn testimony of Plaintiff, as well as the grievance forms presented by defense counsel at the omnibus hearing and the pleadings Plaintiff filed in response to this motion. Because Plaintiff did file an ARP regarding this incident, ARP No. 14-2220, and completed the process, the evidence does not support Defendant Townsend's motion to dismiss on this basis. The initial ARP, dated October 14, 2014, does name nurse Townsend. [See 40, p. 36]. Accordingly, her motion shall be denied.

However, a review of Taylor's testimony regarding his claims against Defendant Townsend confirms that his claims against her are at most based upon a theory of medical negligence. Taylor testified that Townsend did not "get him to medical" the night of the incident, although he testified that he was treated at the hospital the next day. [*See* 36, pp. 7, 13]. At most, his medical care was delayed for one day due to Townsend's actions or inaction. In his ARP, Plaintiff claims that she did a body sheet after the incident and

3

"didn't write my injuries I suffered.  I let her know I was physically and sexually assaulted but I don't think she wrote down my injuries on the report."  He confirmed that he was transferred that night to Unit 5B-216 and saw mental health counselor Mr. Thomas.

The Eighth Amendment prohibition against cruel and unusual punishment forbids deliberate indifference to the serious medical needs of prisoners.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). However, "[u]nsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006), citing *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993).   The Court finds that Taylor has not stated facts substantiating "exceptional circumstances" which would promote this medical neglect claim to a constitutional claim.  Taylor claims his injuries were not sufficiently described on the body sheet by Nurse Townsend.  Yet, he was examined that night by a counselor and taken to the hospital the next day for treatment.  Taking all Plaintiff's testimony regarding nurse Townsend as true, he has not stated a constitutional claim against her– he was dissatisfied with her treatment but was not substantially harmed by the one-day delay.  The Fifth Circuit Court of Appeals has clearly stated that *negligent medical care does not constitute a valid section 1983 claim.  Mendoza,* 989 F.2d at 193.  Delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, *which results in substantial harm.  Id.*  Taylor has not and cannot show that

4

the overnight delay caused him *substantial harm*. *See also Thomas v. Kipperman*, 846 F.2d 1009, 1011 (5th Cir. 1988); *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979).

Dissatisfaction with the treatment provided by nurse Townsend simply does not rise to the level of a constitutional violation against her. Plaintiff's own testimony confirms that his claims against her are based on his view that she *should* have treated him in a different manner— she was **negligent.** 42 U.S.C. § 1983 has never been interpreted to provide that simple negligence on the part of a prison official is a basis for a constitutional violation. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 414 U.S. 344 (1986). Taylor testified that he was treated at the hospital the next day for his injuries, and his sworn testimony negates any claims of "deliberate indifference" on the part of nurse Townsend to Taylor's serious medical needs.

Taylor's claims against nurse Townsend are that she failed to treat him as he thought she should. That is unfortunate, but his displeasure is not indicative of unreasonable care or of a "deliberate indifference" to a serious medical need. A claim concerning a disagreement between an inmate and medical personnel regarding diagnosis and course of treatment does not implicate the Eighth Amendment. *Wright v. Collins,* 766 F.2d 841, 849 (4th Cir. 1985). Plaintiff's own testimony and allegations rebut any showing of intentional mistreatment; his complaints were addressed, not ignored, and there was no "refusal" to treat, as he received medical care the next day.

A prisoner is not entitled to his *choice* of treatments. *Id*; *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992). "The decision whether to provide additional treatment 'is a classic example of a matter for medical judgment'"and "[a] prisoner's disagreement with

his medical treatment, absent exceptional circumstances" does not satisfy the deliberate indifference requirement.  *Estelle*, 429 U.S. at 107; *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995).  Questions of medical judgment are not subject to judicial review.  *Russell v. Sheffer,* 528 F.2d 318 (4th Cir. 1975).

Taylor was granted *in forma pauperis* [IFP] status by Order entered June 3, 2015 [7].  The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal --  (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a  defendant who is immune from such relief."  A complaint is frivolous if it lacks an arguable basis either in law or in fact.  *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).  A *pro se* prisoner is entitled to develop his complaint factually before a proper frivolousness determination can be made.  *See Eason v. Thaler*, 14 F.3d 8, 9-10 (5th Cir. 1994).  This Court conducted the *Spears* hearing in order to "bring into focus the factual and legal bases of prisoners' claims."  *Id.* at 9 (quoting *Spears,* 766 F.2d at 181).  This Court concludes that Taylor's claims against nurse Townsend are legally frivolous, lacking an arguable basis either in law or in fact.  Although his claims against nurse Townsend appear to have been exhausted, the claims against her shall be dismissed on the merits pursuant to 28 U.S.C. §1915(e).

For these reasons, the Court finds that Defendant Townsend's Motion to Dismiss [16] is hereby **denied** on the grounds of exhaustion.  Her request to dismiss on the

6

grounds that Plaintiff has failed to state a claim against her is **granted.** [Answer, [15], p. 1].  The allegations in the Complaint are hereby dismissed with prejudice as to only Defendant Townsend, and the Clerk of the Court is directed to make the appropriate revisions on the docket of this case.

    SO ORDERED, this the 18th day of February 2016.


                      /s/ Linda R. Anderson
              UNITED STATES MAGISTRATE JUDGE